51 CCPA

**Application of Roy SAPP.**
**Patent Appeal No. 7046.**

United States Court of Customs
and Patent Appeals.
Dec. 12, 1963.

Kimmel & Crowell, A. Harry Crowell, Marvin R. Stern, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Board of Appeals affirming the examiner's rejection on prior art of appellant's claim 4, the only claim remaining in the case.

The claim reads as follows:

"4. A barbecue tray comprising a sheet forming a bottom comprised of a series of alternate V-shaped trenches and relatively sharp edged ridges extending in aligned parallel relation, the apices of said ridges having a series of equidistantly spaced circular openings extending the full length thereof to permit the passage of smoke and gas therethrough."

The invention relates to a barbecue tray adapted to fit on top of a barbecue grill. The appealed claim is sufficiently descriptive of the device. The tray is concentrically disposed over a charcoal brazier of a conventional type.

The application recites that:

"A primary object of this invention is the provision of such a tray provided with a plurality of trenches for the retention of grease, extending over substantially the entire cooking area, to prevent the fire flaming up and scorching the meat, the tray being provided with a plurality of spaced apart holes to permit the charcoal heat to come through and cook the food."

It is further recited that the plurality of holes permit the smoke from the charcoal, or other material used for grilling, to impregnate the meat being cooked with the proper flavoring.

The references relied on are:

Rietzke    640,030    December 26, 1899
Jones    850,654    April 16, 1907

Rietzke shows a portable broiler or utensil "adapted to be placed on the stove above and about the ordinary stove-opening * * * to permit the heat of the fire in the stove to come up through the stove-opening into the utensil, * * *." The meat supporting element is a slightly crowned, sinuously corrugated gridiron so arranged "that the fluids discharged from the meat in the process of broiling will fall into the grooves 10 of the corrugations and * * will run outwardly into" a channel. The ridges of the corrugations which alternate with the grooves "are perforated with a large number of apertures 12,

whereby the hot air produced by the combustion below the utensil passes freely upwardly through the gridiron, directly against the meat thereon, * * *." The apertures are round and are evenly spaced along the ridges of the corrugations.

Jones discloses a broiler for cooking meat over an open fire. The patent illustrates "a plate of corrugated sheet metal, in which the alternate corrugations 6 are somewhat higher than the intervening corrugations 7, and each of these smaller corrugations 7 are provided at suitably-spaced-apart intervals, adjacent to or at the apex thereof with the elongated longitudinally-disposed openings 8, in which case the articles to be broiled rest upon the tops of the higher corrugations." The trenches between corrugations are V-shaped, the corrugations having relatively sharp ridges. The openings disclosed are of elongated rectangular form. The grease and meat juices rendered are conveyed by channels to a gutter with "none of the juices reaching the fire," thus preventing "kindling a flame, burning the meat, and at the same time dampening the fire, * * *." The patentee states that "the spaces beneath the meat and between the corrugations and intermediate of the openings therein form pockets, * * * in which the heat is retained and by which it is evenly distributed."

The board sustained the examiner's rejection of the appealed claim as unpatentable over Jones in view of Rietzke, taking note of the fact that the claim calls for circular openings in the apices of the ridges while Jones discloses elongated longitudinally-disposed openings of rectangular form in spaced-apart positions and that Rietzke discloses the use of equidistantly-spaced circular openings in the ridges of the grill. In view of the teachings in these references, the board held that it would be obvious to substitute the circular openings of Rietzke for the rectangular openings used by Jones. In this connection the board pointed out that since the appealed claim uses the word "comprising," it does not rule out the use of the alternate ridges, which are slightly higher than the intervening ridges provided with the elongated longitudinally-disposed openings adjacent to or at the apex. The intervening corrugations of Jones are in aligned parallel relation to each other and hence it is obvious, reasoned the board, to substitute one form of opening for another by using the spaced circular openings disclosed by Rietzke in place of the rectangular-shaped spaced openings of Jones.

The examiner also rejected the appealed claim as unpatentable over Rietzke, advancing the position that "to use alternate V-shaped trenches and ridges instead of the rounded trenches and ridges disclosed in Rietzke would be merely a matter of choice, and hence obvious, especially in view of Jones." The board agreed that, since both forms of corrugations are disclosed to be old by the references, the particular form used, whether V-shaped or rounded, would appear to be largely a matter of choice. The board held that it is obvious that Rietzke could be made flat and thereby have the ridges in aligned relation. The purpose served by the crowning form of the surface of the Rietzke grill is to induce the fluids discharged from the meat in the process of broiling to run outwardly into the channel and away from the fire. In view of the Jones showing of a flat tray affording the facility of conveying the grease and meat juices so that "no part of them can possibly reach the fire," we agree with the board that it would be obvious to one skilled in the art to make the Rietzke tray flat.

Appellant contends that the specific design of his barbeque tray achieves "two specific objectives." The first is avoiding fire flareups with consequent scorching or burning of the meat. The second is to allow the heat and smoke to reach the meat to cook it and impregnate it with a barbecued flavor.

There can be no question that both Jones and Rietzke clearly anticipate these objectives. Jones discloses channels to

convey the greases and juices to a gutter and away from the fire so as to prevent flareups. Rietzke discloses means whereby the fluids discharged from the meats fall into grooves and run outwardly into a channel. Both references disclose openings, the purpose of which is to conduct heat and smoke to the cooking meat.

The record before us does not sustain appellant's argument that he "has found a peculiar relation and position of the members of the corrugations and the placing of the openings therein which provide much better results than devices" disclosed by the cited prior art. There is no proof of record nor supportable inference properly to be drawn therefrom that from a grease draining and heat application and distribution point of view appellant's device constitutes any significant advance over similar features taught by the cited references.

We agree with appellant that progress is important in simple structures as in complex machines. The same may be said of an old and crowded art such as that reflected by the meat cooking industry. However, the limited advances made therein must not be obvious to one of ordinary skill in the art.

Finding no reversible error in the decision of the Board of Appeals that appellant's claim 4 is unpatentable over prior art, the decision is accordingly affirmed.

Affirmed.

MARTIN, Judge, did not sit or participate in decision.